IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

WILBUR LEE STEELE,            )
                              )
        Plaintiff,            )
                              )
vs.                           )   CIVIL ACTION NO. 97-S-2558-NE
                              )
MORGAN COUNTY JAIL, et al,    )
                              )
        Defendants.           )

FILED 99 FEB -5 AM 10:39 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED FEB 05 1999

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 9, 1998, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on October 23, 1998. In support of his objections, the plaintiff argues that Sheriff Crabbe is not due to be dismissed from this action because he was aware of the plaintiff's serious medical need, but deliberately denied the necessary treatment for the need.

In the report and recommendation, the magistrate judge recommended that the plaintiff's inadequate medical care claim against Sheriff Crabbe be dismissed, because Steele failed to show that he had a serious medical need. In his original complaint, Steele alleged only that in February of 1997, a dentist told him

that he needed to see a specialist,[1] that the county jail refused to pay the medical expenses, and that he had not received medical attention as of September 19, 1997, the date of the complaint. In his amended complaint, Steele alleged that Crabbe knew that he had seen a dentist who told Steele that he needed to see a specialist, but Crabbe denied him the opportunity to see one. The only description of his medical need offered by the plaintiff was that it was a "discomforting [sic] causing ailment."

In his objection to the report and recommendation, Steele expounds slightly on the nature of his medical need:

> [O]nce Sheriff Crabbe found out about the very swollen, very painful abscess in his mouth; and that the dentist had told plaintiff that he needed to see a specialist, the sheriff had a duty to provide the needed medical treatment. The sheriff deliberately denied plaintiff the medical treatment that he needed, thereby raising a deliberate indifference to plaintiff's serious medical need claim.

Steele emphasizes that his medical need was "serious enough for a professional dentist to tell him that there was nothing he could do for his condition . . . that he needed to see a specialist." He

---

[1] Steele alleges that he was in the Decatur City Jail when he saw the dentist, but was transferred to the county jail a few days later.

2

argues that had the "medical need not been serious, the dentist would have been able to handle the medical need" himself.[2]

The plaintiff has still failed to allege facts to support the existence of a serious medical need. Steele states only that he had a "very swollen, very painful abscess in his mouth; and that the dentist had told plaintiff that he needed to see a specialist." He has offered no further facts such as when the medical problem occurred, if he had the problem before going to jail, what kind of specialist the dentist suggested, if he ever got medical care for the condition, and what, if any, damage he suffered as a result of the delay or denial of medical care. Because there is no evidence that the plaintiff's medical condition was "either life-threatening or urgent" or was "significantly exacerbated by delaying treatment,"[3] the court concludes that the plaintiff has failed to establish that he had a serious medical need and that he has not stated a claim for inadequate medical care.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and

---

[2] Apparently, the plaintiff does not object to the dismissal of the other defendants.

[3] See *Lancaster v. Monroe County Alabama*, 116 F.3d 1419, 1425 (11th Cir. 1997).

3

recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). An appropriate order will be entered.

DATED this **3rd** day of **February**, 1999.

_____
UNITED STATES DISTRICT JUDGE

4